**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucia Soria, | No. CV-22-01673-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Lucia Soria's application for a period of disability and disability insurance benefits by the Social Security Administration ("SSA"). (Doc. 1.) The Court has reviewed the briefs (Docs. 16, 21-22) and the Administrative Record (Doc. 11, "A.R."), and now affirms the Administrative Law Judge's ("ALJ") decision.

## I.     BACKGROUND

Plaintiff filed an Application for Disability Insurance Benefits on December 12, 2018, for a period of disability beginning on November 12, 2018. (A.R. 27.) Her claim was initially denied on May 7, 2019, and again upon reconsideration on August 9, 2019. (*Id.*) On July 16, 2021, Plaintiff telephonically appeared before the ALJ for a hearing regarding her claim, which the ALJ denied on August 11, 2021. (*Id.* at 54-87, 24-53.) On August 3, 2022, the Appeals Council denied Plaintiff's Request for Review and adopted the ALJ's decision as the agency's final decision. (*Id.* at 1-6.) Plaintiff now seeks judicial review with this Court pursuant to 42 U.S.C. § 405(g).

The Court has reviewed the record and will discuss the pertinent evidence in

addressing the issues raised by Plaintiff. Upon considering the medical evidence and opinions, the ALJ concluded that Plaintiff had the following impairments: peripheral neuropathy, degenerative disc disease, type 1 diabetes mellitus, chronic kidney disease, Sjogren's syndrome, left shoulder impairment, left knee impairment, bilateral carpal tunnel syndrome, vertigo, depression, and anxiety. (A.R. 30.)

The ALJ found that Plaintiff did not have any impairments or combination of impairments that met or equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 32.) Next, the ALJ determined Plaintiff's residual functional capacity ("RFC").*

The ALJ found that Plaintiff has the RFC to perform "sedentary work" as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with certain limitations. Here, the ALJ determined that Plaintiff can (1) stand and walk for two hours in an eight-hour workday; (2) sit for six hours in an eight-hour workday; (3) frequently reach overhead; (4) frequently handle and finger bilaterally; (5) occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds; (6) work in an environment without unprotected heights and moving mechanical parts and that does not require her to operate a motor vehicle for commercial purposes; (7) perform simple, routine, and repetitive tasks at a non-production rate pace; and (8) perform simple work-related tasks and make simple work-related decisions. (*Id.* at 34.) Based on this RFC, the ALJ found that Plaintiff is not capable of performing past relevant work as defined at 20 C.F.R. § 404.1565. (*Id.* at 43.) However, the ALJ did find Plaintiff capable of performing a "significant" number of other jobs. (*Id.* at 44.) Therefore, the ALJ concluded that Plaintiff was not disabled from the alleged disability onset date through the date of the decision. (*Id.*)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

---

* Residual functional capacity refers to the most a claimant can do in a work setting despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is unsupported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the whole record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019); *see also Thomas v. CalPortland*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the

claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III.    DISCUSSION

Plaintiff raises two arguments for the Court's consideration. First, Plaintiff contends that the ALJ erred in rejecting the assessment of her treating neurologist, Maninder Kahlon, M.D. (Doc. 16 at 13-16) and state agency examining psychologist Natalie Hurd, Psy.D. (*Id.* at 16-18.) Second, Plaintiff argues that the ALJ erred in rejecting her symptom testimony. (*Id.* at 18-24.)

### A.    Medical Opinion Evidence

Plaintiff argues that the "ALJ committed materially harmful error by rejecting the assessments from Dr. Kahlon and Dr. Hurd without providing sufficient explanation supported by substantial evidence, including failing to explain the consideration of the supportability and consistency factors under the regulations for evaluation of medical source opinions." (*Id.* at 11.) The Court disagrees.

In 2017, the Commissioner revised the regulations for evaluating medical evidence for all claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). Because Plaintiff filed her claim after the effective date, the revised rules apply. (A.R. 27.) Unlike the old regulations, the revised rules do not require an ALJ to defer to the opinions of a treating physician nor assign every medical opinion a specific evidentiary weight. 20 C.F.R. §§ 404.1520c(a), 416.920c(a); *see also Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (requiring an ALJ to provide "specific and legitimate reasons" supported by substantial evidence in the record when rejecting a treating physician's opinion).

The revised rules instead require the ALJ to consider all opinion evidence and determine the persuasiveness of each medical opinion's findings based on factors outlined in the regulations. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(c)(1)-(2). The most important factors ALJs consider are "consistency" and "supportability"

20 C.F.R. § 404.1520c(b)(2). Supportability focuses on evidence intrinsic to the medical opinion, requiring adjudicators to look at the relevance of the objective medical evidence and explanations cited as support for the physician's medical opinion. *Id.* § 404.1520c(c)(1). In contrast, consistency focuses on evidence extrinsic to the medical opinion, requiring adjudicators to compare consistency of the opinion to other evidence in the record. *Id.* § 404.1520c(c)(2). The ALJ can, to a lesser degree, consider other factors such as the length and purpose of the treatment relationship, the kinds of examinations performed, and whether the medical source personally examined the claimant. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Recently, the Ninth Circuit held that the revised rules clearly intended to abrogate its precedent requiring ALJs to provide "specific and legitimate reasons" for rejecting a treating physician's opinion. *Id.* Nevertheless, "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* Therefore, an ALJ, "must 'articulate…how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. § 404.1520c(b), (b)(2)) (internal citations omitted).

### 1.    Dr. Kahlon

The record reflects that Dr. Kahlon completed a Medical Assessment of the Patient's Ability to Perform Work Related Activity in February 2019 and January 2021. (A.R. 540-41, 1073-74.) Dr. Kahlon limited Plaintiff to less than sedentary work and noted lumbar pain and compression, postural and manipulative limitations, the ability to stand/walk for less than two hours daily, and noted that Plaintiff would have to miss more than four days of work each month. (*Id.*)

The ALJ's evaluation of Dr. Kahlon's assessments is free of harmful error. As noted, "[t]he agency must articulate how persuasive it finds all of the medical opinions from each doctor or other source and explain how it considered the supportability and

consistency factors in reaching these findings." *Woods*, 32 F.4th at 792 (cleaned up). Here, the ALJ expressly considered both factors. First, the ALJ noted that Dr. Kahlon's opinions were "inconsistent and more restrictive than the objective medical evidence of record suggests." (A.R. 41.) Second, the ALJ noted that "the limitations opined by Dr. Kahlon are not supported by his own treatment records and appear to have [been] influenced primarily by the claimant's subjective complaints." (*Id.*)

Plaintiff argues, however, that the ALJ's reasoning is insufficient because (1) the findings the ALJ cited were irrelevant since they supported Dr. Kahlon's assessments (Doc. 16 at 14) and (2) the ALJ provided no evidence that Dr. Kahlon's opinions were based on Plaintiff's subjective complaints. (*Id.* at 13.)

Beginning with consistency, the ALJ reasoned that Dr. Kahlon's opinions were not supported by "the objective medical evidence of [the] record." (A.R. 41.) Substantial evidence supports this conclusion. As noted, in the February 2019 and January 2021 medical assessments, Dr. Kahlon indicated that Plaintiff had "severe lumbar pain" and "lumbar spine root compression." (*Id.* at 540, 1073.) However, in the treatment records, other providers, including Dr. Kahlon, noted Plaintiff's normal range of motion of spine and back, lumbosacral spine, strength and gait, and lack of tenderness in the Plaintiff's back. (*Id.* at 406, 474, 477, 989, 1021, 1053, 1055, 1509, 1536.) Because Dr. Kahlon's February 2019 and January 2021 opinions were inconsistent with his own treatment notes and other objective medical evidence in the record, it was rational for the ALJ to find Dr. Kahlon's opinions unpersuasive. *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989) (a doctor's opinion may be rejected where it is inconsistent with the doctor's own treatment notes); *see also* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be.").

Turning to supportability, the ALJ reasoned "the limitations opined by Dr. Kahlon [were] not supported by his own treatment records and appear to have [been] influenced primarily by the claimant's subjective complaints." (A.R. 41.) This conclusion, though not

expressed with clarity, was supported by substantial evidence.

As discussed above, Dr. Kahlon concluded that Plaintiff had postural and manipulative limitations, would miss more than four days of work each month, and could only sit, stand, and walk for less than two hours daily. (*Id.* at 540-41, 1073-74.) In addition to being inconsistent with the objective treatment records from other medical providers, this opinion is also inconsistent with Dr. Kahlon's own records. For example, Dr. Kahlon's examination notes report 5/5 motor strength and normal gait and coordination. (*Id.* at 41, 406, 437, 443, 1465.) Therefore, it was rational for the ALJ to conclude that Dr. Kahlon's opinions could be discounted under the supportability factor. *See Michael B Wallace v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00971-PHX-DWL, 2023 WL 6389370, at *6 (D. Ariz. Sept. 30, 2023) (an ALJ's finding of a doctor's internally inconsistent opinions are a permissible basis for discounting opinions under the supportability factor). And while Plaintiff tries to construe record evidence to argue that the ALJ impermissibly rejected Dr. Kahlon's assessments, where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017).

### 2.    Dr. Hurd

The record reflects that Dr. Hurd completed a psychological consultative examination of the claimant in April 2019. (A.R. 736-44.) Dr. Hurd reported that Plaintiff, along with her physical limitations, has trouble completing tasks due to distractibility. (*Id.* at 742-43.) Dr. Hurd also indicated that Plaintiff could have problems understanding, remembering information, and handling stress. (*Id.*) Finally, Dr. Hurd noted that Plaintiff's anxiety symptoms appear to be "chronic and severe." (*Id.* at 741.)

The ALJ's evaluation of Dr. Hurd's assessments is also free of harmful error. The ALJ noted that Dr. Hurd's opinions were "internally inconsistent with the claimant's presentation and therefore only partially supported." (*Id.* at 40.) Plaintiff argues, however, that the "ALJ failed to provide a sufficient explanation supported by substantial evidence" to discount Dr. Hurd's opinions and failed to adequately consider the supportability and

consistency factors required for medical opinions. (Doc. 16 at 18.)

Substantial evidence supports the ALJ's finding that Dr. Hurd's opinion is only partially persuasive. First, the ALJ observed that Dr. Hurd's own examination notes did not entirely support her opinion. Despite Dr. Hurd's opinions of Plaintiff's difficulty with concentrating and managing information, Dr. Hurd reported that Plaintiff exhibits logical and goal directed thinking. (A.R. 39.) The ALJ also highlighted Dr. Hurd's opinion that Plaintiff understood and answered questions, did not exhibit memory problems, and sustained concentration throughout the examination, apart from her concern regarding her father's minor car accident. (*Id.* at 39-40.) *See Weetman*, 877 F.2d at 23.

The ALJ also noted inconsistences between Dr. Hurd's opinion and the medical record. Notably, other examination notes demonstrate Plaintiff's intact cognitive function, attentiveness, and orientation. (A.R. 39-40, 396, 403, 406, 1247, 1455, 1465.) *See Magallanes*, 881 F.2d at 751-52. Therefore, the ALJ fully satisfied the requirements to consider the supportability and consistency of Dr. Hurd's opinion. *See* 20 C.F.R. § 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). Accordingly, it was rational for the ALJ to find Dr. Hurd's opinions only partially persuasive.

Plaintiff, however, complains that the ALJ provided no reasoning for why Dr. Hurd's reliance on Plaintiff's subjective reports made the assessment inconsistent with her presentation. (Doc. 16 at 17.) Plaintiff cites *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006), asserting that an ALJ's reasoning must be supported by a "meaningful explanation" for the court to assess "legitimacy." (*Id.*) But *Robbins* pertains to an ALJ's adverse credibility finding of a claimant, which is irrelevant to the ALJ's partial persuasive determination as to Dr. Hurd here. *See Robbins*, 466 F.3d at 884 (holding that an ALJ's partial adverse credibility finding of a claimant is unsupported by substantial evidence because the ALJ failed to provide a "meaningful explanation" for the finding). Again, the Court finds the ALJ's reasoning rational because it is supported by substantial evidence. *See Biestek*, 139 S. Ct. at 1157; *see also Thomas*, 993 F.3d at 1208.

### B.    Symptom Testimony

Plaintiff next argues that the ALJ erred in rejecting her symptom testimony without providing clear and convincing reasons. (Doc. 16. at 19.)

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ considers whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Then, provided no evidence of malingering exists, the ALJ must evaluate the claimant's statements in the context of the objective medical evidence and other evidence in the record. *See* 20 C.F.R. § 404.1529(c)(2)-(3). At this step, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (internal quotation marks omitted). This requirement prevents an ALJ from "arbitrarily discredit[ing]" the claimant's subjective symptom testimony. *Thomas*, 278 F.3d at 958.

Despite the "clear and convincing standard [being] the most demanding required in Social Security cases," *Garrison*, 759 F.3d at 1015 (internal quotation marks and citation omitted), the ALJ need not "believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Instead, when assessing the claimant's credibility, the ALJ may consider "inconsistencies either in [the] claimant's testimony or between his testimony and his conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [the] claimant complains." *Thomas*, 278 F.3d at 958-59 (internal quotation marks and citation omitted). Should a district court find that the ALJ's specific, clear, and convincing reasons are supported by substantial evidence, the court must not second guess the ALJ's judgment and should affirm the ALJ's decision. *See Fair*, 885 F.2d at 604.

In evaluating Plaintiff's testimony, the ALJ determined that Plaintiff satisfied step one because her "medically determinable impairments could reasonably be expected to

cause the alleged symptoms." (A.R. 42.) However, at step two, the ALJ rejected Plaintiff's symptom testimony because her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) The ALJ provided two reasons for rejecting Plaintiff's symptom testimony: (1) it was inconsistent with the objective medical record, and (2) it was inconsistent with Plaintiff's daily activities. (*Id.* at 42-43.) Substantial evidence supports these reasons.

The ALJ referenced Plaintiff's reports of low back pain and how her impairments cause "limitations in lifting, squatting, bending, standing, walking, sitting, kneeling, and climbing stairs." (*Id.* at 35-37, 39.) The ALJ noted, however, that the record showed findings of a lack of back tenderness and normal strength, sensory function, gait, and range of motion. (A.R. 34-43, 396, 403, 406, 427, 437, 443, 477, 1021, 1465, 1509, 1536.) Regarding Plaintiff's allegations that she struggles concentrating, understanding, and engaging in social activities, the ALJ emphasized that providers noted that Plaintiff was alert, attentive, pleasant, cooperative, and had a logical and goal directed thought process. (*Id.* at 33-41.) The Court finds this specificity satisfies the standard set forth in 42 U.S.C. § 423(d)(5)(A). *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Finally, the ALJ identified several activities which undermined Plaintiff's allegations of the debilitating degree of her symptoms. As the ALJ noted, Plaintiff cares for pets, cooks, does laundry, drives, performs yoga, and leaves home to attend church and go to the beach, park, and stores. (A.R. 39.) Based on these and other discrepancies between Plaintiff's reported symptoms and the record, the ALJ reasonably concluded that her impairments had lesser impacts on her activities of daily living than she alleged. *See Fair*, 885 F.2d at 603; *see also Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 694 (9th Cir. 2009) (noting that claimant's activities may suggest that their claims about the severity of the limitations were exaggerated).

Because the ALJ offered specific reasons about why Plaintiff's testimony was not credible, the ALJ properly discounted Plaintiff's symptom testimony. The ALJ properly

assessed Plaintiff's pain and the Court finds no error.

**IV.     CONCLUSION**

Accordingly,

**IT IS ORDERED** affirming the August 11, 2021 decision by the Administrative Law Judge and the Commissioner of the Social Security Administration.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 27th day of October, 2023.

Michael T. Liburdi
United States District Judge